UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL-BOWMAN et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATAN SHAWN BARASHY, et al.,<br><br>    Defendants. | Case No. 2:21-cv-01271-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 4, 5] |

    Plaintiffs are proceeding in this action *pro se* and have requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket Nos. 4, 5. Plaintiffs also submitted a complaint to initiate this case in this Court. Docket No. 1-1.

**I.**    ***In Forma Pauperis* Applications**

    Plaintiffs have submitted the affidavits required by § 1915(a). Docket Nos. 4, 5. Plaintiffs have shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiffs' requests to proceed *in forma pauperis* under § 1915(a) are granted.

**II.**    **Screening the Complaint**

  **A. Legal Standard**

    The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### B. Analysis

Plaintiffs allege that, on or about January 21, 2021, they entered into an agreement with Defendant Natan Shawn Barashy to lease a business property at a commercial building in Las Vegas, Nevada. Docket No. 1-1 at 2. Plaintiffs allege that, upon taking possession of the property, Defendant Barashy stated that he would contact them with information on how to secure rental insurance. *Id.* Plaintiffs further allege that, on April 23, 2021, Plaintiff Darryl Bowman, while preparing the property for its opening, saw three individuals transporting propane tanks into Defendant Affordable Smokes, an adjacent property.[1] *Id.* Plaintiffs additionally allege that, thereafter, an explosion occurred causing the building to collapse on Plaintiff Bowman. *Id.* Plaintiffs allege that the explosion damaged their property and resulted in Plaintiff Bowman sustaining injuries. *Id.*

Plaintiffs further allege that, on April 24, 2021, the Clark County Fire Inspector deemed the building to be unsuitable and dangerous. *Id.* Plaintiffs allege that the Fire Inspector ordered Defendant Barashy to secure the building from unlawful entry by erecting a six-foot fence with padlocks and closing all entries. *Id.* Plaintiffs further allege that, on May 1, 2021, Defendant Barashy confirmed that he secured the building as ordered by the Fire Inspector and that security guards would patrol the building all day. *Id.* However, Plaintiffs allege that, on May 15, 2021, they arrived at the building and found that Defendant Barashy had not secured the building and that security guards were not patrolling the building. *Id.* at 3. Plaintiffs further allege that their property "had been looted, robbed and there [were] [s]quatters in the property as well." *Id.*

Based on these allegations, Plaintiffs assert several state law claims against Defendants. Specifically, Plaintiffs allege that Defendant Barashy engaged in fraud by falsely reporting to police and fire investigative officials that he did not know who the owner of Defendant Affordable Smokes was and that Defendant Affordable Smokes was being operated as a home repair shop. *Id.* Plaintiffs further allege that Defendants Barashy and Arrellano are liable in tort for the damages

---

[1] Based on Plaintiffs' allegations, it appears that one of these three individuals was Defendant Sergio Arrellano, the owner of Defendant Affordable Smokes. *See* Docket No. 1-1 at 2–3.

to their property and for the injuries that Plaintiff Bowman sustained. *Id.* Plaintiffs also allege that Defendants are strictly liable for permitting and conducting an abnormally dangerous activity in the commercial center. *Id.* Plaintiffs allege that a criminal investigation into the events that gave rise to the instant action currently exists.[2] *Id.* at 4. Plaintiffs demand $10,000,000 in damages. *Id.*

To establish this Court's subject matter jurisdiction, Plaintiffs must establish that this (1) action arises under federal law or that (2) complete diversity exists among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Federal courts have original jurisdiction over "all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be visible "on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, Plaintiffs' allegations fail to state a claim that arises under federal law. Plaintiffs' claims fail to establish that Defendants violated a federal statute or that Plaintiffs' rights were violated or infringed upon under the United States Constitution. As a result, no federal question exists.

Federal courts have jurisdiction to hear "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and the action is between citizens of different states[.]" 28 U.S.C. § 1332. To establish federal subject matter jurisdiction pursuant to diversity of citizenship, Plaintiffs must show, *inter alia*, complete diversity of citizenship among opposing parties. *Park Lane-Reno Partners, LLC v. Syufy Enter.*, 2020 WL 6445092, at *2 (D. Nev. Nov. 3, 2020). Complete diversity requires that each defendant "be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). In their civil cover sheet, Plaintiffs submit that this Court has subject matter jurisdiction pursuant to diversity of citizenship. *See* Docket No. 1-2. However, Plaintiffs also submit that they are citizens of Nevada and Defendants are also citizens of Nevada. *Id.* The allegations in Plaintiffs' complaint further establish that diversity does not exist in this case.

---

[2] In light of the Court's finding that it does not have subject matter jurisdiction in this case, the Court need not address whether it must abstain from exercising jurisdiction on other grounds at this time.

Plaintiffs submit in their applications to proceed *in forma pauperis* that they reside in Nevada, *see* Docket Nos. 4, 5, and allege in their complaint that Defendants Barashy and Arrellano also reside in Nevada. *See* Docket No. 1-1 at 1. It is therefore clear that this Court does not have diversity jurisdiction over this case.

Plaintiffs also submit that this Court has jurisdiction under the bankruptcy statute 28 U.S.C. § 1334. *See id.* at 1, 2; *see also* Docket No. 1-2. "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. "Proceedings 'arising under' title 11 involve causes of action created or determined by a statutory provision of that title." *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013). "Similarly, proceedings 'arising in' title 11 are not those created or determined by the bankruptcy code, but which would have no existence outside of a bankruptcy case." *Id.* Further, "[t]he 'close nexus' test determines the scope of bankruptcy court's post-confirmation 'related to' jurisdiction. . . . [T]he test encompasses matters 'affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan.'" *Id.* at 1287 (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005)). Plaintiffs' allegations fail to establish whether the instant action arises under or arises in Title 11. Plaintiffs also fail to allege whether the instant action implicates matters related to bankruptcy proceedings. "To hear a case, a federal court must have subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing jurisdiction." *Righthaven LLC v. Newman*, 838 F. Supp. 2d 1071, 1073–74 (D. Nev. Oct. 7, 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 – 61 (1992)). Therefore, although it seems unlikely that jurisdiction exists, the Court will permit Plaintiffs one final opportunity to file an amended complaint that establishes this Court's subject matter jurisdiction under § 1334.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' requests to proceed *in forma pauperis* are hereby **GRANTED**. Docket Nos. 4, 5. Plaintiffs shall not be required to pay the filing fee.

2. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiffs will have until **August 25, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiffs choose to amend the Complaint, Plaintiffs are informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: July 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge